**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JEANNE BALLARD and MARSHA CAPOSELL,** on behalf of themselves and others similarly situated, | ) ) ) | CASE NO. 4:20-cv-432 |
| | ) | |
| Plaintiffs, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | **FIRST AMENDED CLASS AND** |
| **CORECIVIC OF TENNESSEE, LLC** | ) | **COLLECTIVE ACTION COMPLAINT** |
| | ) | |
| Defendant. | ) | **JURY DEMAND INCLUDED HEREON** |

For their First Amended Class and Collective Action Complaint, Plaintiffs Jeanne Ballard and Marsha Caposell state and allege as follows:

## INTRODUCTION

1.      This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

2.      Plaintiffs brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated." Plaintiffs bring this case on behalf of themselves and other "similarly-situated" persons who may join this case pursuant to § 216(b).

3.      Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons, defined herein, who assert factually related claims under Ohio wage-and-hour statutes (the "Ohio Class").

1

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      This Court has supplemental jurisdiction over Plaintiffs' claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here.

## PARTIES

7.      Plaintiffs are residents of Ohio who were employed by Defendant as correctional officers within the last three years.

8.      Defendant Core Civic of Tennessee, LLC is a for-profit limited liability company organized under the laws of Tennessee.

9.      Defendant operates dozens of correctional facilities throughout the country, including Ohio.

10.      Defendant is in the business of operating private prisons and employed Plaintiffs at its Northeast Ohio Correctional Center during all times relevant to this Amended Complaint, which is located in Mahoning County, Ohio.

11.      At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d),  and corresponding provisions of Ohio law including the Ohio overtime compensation  statute, Ohio Rev. Code Ann. § 4111.03.

12.      At all times relevant, Defendant was an "employer" within the meaning of the

2

FLSA, 29 U.S.C. § 203(d),  and corresponding provisions of Ohio law including the Ohio overtime compensation  statute, Ohio Rev. Code Ann. § 4111.03.

**FACTUAL ALLEGATIONS**

13.     At all times relevant to this Amended Complaint, Defendant employed Plaintiffs and other similar situated correctional officers in a non-exempt hourly capacity.

14.     During all times relevant to this Amended Complaint, Plaintiffs and other similarly situated correctional officers frequently worked in excess of 40 hours per week.

15.     Defendant's correctional officers are responsible for the custody and discipline of detainees held at Defendant's facilities.

16.     Among other duties, the correctional officers search for contraband and provide security, count, feed, and supervise detainees.

**Defendant Fails to Compensate Correctional Officers
for Completing Security Screenings Before Each Shift**

17.     At the beginning of each shift, prior to clocking in, Defendant requires Plaintiffs and other similarly situated correctional officers to undergo a security screening.

18.     During the security screening the correctional officers empty their pockets, remove their shoes, belts, and jackets and all metal objects, empty their bags, and submit any personal items in their possession for inspection.

19.     The correctional officers then walk through a metal detector before reclaiming their possessions and donning their shoes, belts, and jackets.

20.     Defendant requires the correctional officers to undergo this screening for the purposes of safety, and to prevent officers from inadvertently or intentionally bringing contraband into the prison.

21.     Keeping weapons and other contraband out of the prison is necessarily tied to the

3

correctional officers' work of providing prison security and searching for contraband.

22.     Thus, undergoing security screenings is integral and indispensable to the officers' principal activities.

23.     Defendant, however, fails to compensate Plaintiffs and similarly situated correctional officers for time spent undergoing pre-shift security screenings.

24.     Defendant's failure to compensate Plaintiffs and the similarly situated correctional officers resulted in unpaid overtime in violation of the FLSA. *See, Aguilar, et al. v. Management & Training Corporation*, 2020 U.S. App. LEXIS 3339 (10th Cir. Feb. 4, 2020)(pre-shift security screenings of corrections officers are integral and indispensable under *Busk* and therefore must be counted as hours worked for purposes of computing overtime).

## COLLECTIVE ACTION ALLEGATIONS
### (Northeast Ohio Correctional Center Collective)

25.     Plaintiffs incorporate  by reference the foregoing allegations as if fully rewritten herein.

26.     Defendant maintains private prison facilities nationwide, including in Ohio.

27.     Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by  the FLSA "may be maintained against any employer … by any one or more employees  for and in behalf of himself or themselves and other employees similarly situated."

28.     The Potential Opt-Ins who are "similarly situated" to Plaintiffs' with respect  to Defendant's FLSA violations consist of:

> All current and former correctional officers employed by Defendant at the Northeast Ohio Correctional Center who worked 40 or more hours in at least one workweek at any point within three years preceding this action to the conclusion of this matter.

29.     Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay for pre-shift work resulting in unpaid overtime, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

30.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

31.     The persons similarly situated to Plaintiffs are readily identifiable through the payroll records Defendant was required to maintain pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

32.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

33.     Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All of Defendant's current and former Correctional Officers who worked in Ohio and who worked 40 or more hours in at least one workweek at any point within two years preceding this action.

34.     The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant

5

to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

35.     There are questions of law or fact common to the Ohio Class, including but not limited to:

> Did Defendant fail to pay Plaintiffs and other Class members for time spent undergoing security screenings?
>
> Did Defendant fail to pay Plaintiffs and other class members all overtime wages due to them?
>
> Did Defendant keep adequate records of the hours worked by Plaintiffs and the other class members?

36.     Plaintiffs' claims are typical of the claims of other members of the Ohio Class. Plaintiffs' claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

37.     Plaintiffs will fairly and adequately protect the interests of the Ohio Class. Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiffs' counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

38.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class and predominate over any questions affecting only individual class members.

39.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would

6

be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

40.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

41.     Plaintiffs bring this claim for violation of the FLSA's overtime provisions on behalf of themselves and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consents to becoming a party to this action pursuant to § 216(b) are attached as **Exhibit A** to this Amended Complaint.

42.     The FLSA requires that Defendant's non-exempt hourly employees receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

43.     Plaintiffs and the Potential Opt-Ins should have been paid overtime compensation at the rate of one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

44.     Defendant failed to pay the overtime compensation to Plaintiffs and the Potential Opt-Ins.

45.     By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

46.     As a result of Defendant's violations of the FLSA, Plaintiffs and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further

7

provides that "[t]he court … shall, in addition to any  judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be  paid by the Defendants, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

47.     Plaintiffs incorporate  by reference the foregoing allegations as if fully  rewritten herein.

48.     Plaintiffs bring this claim for violation of the Ohio overtime compensation  statute, Ohio Rev. Code Ann. § 4111.03, on behalf of themselves, the Potential Opt-Ins who  may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class for  which certification is sought pursuant to Fed. R. Civ. P. 23.

49.     At all times relevant, Defendant was an employer covered by the Ohio  overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

50.     Defendant violated the Ohio overtime compensation statute, Ohio Rev.  Code Ann. § 4111.03, by failing to pay overtime compensation to its non-exempt hourly employees.

51.     Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiffs,  the Potential Opt-Ins, and the Ohio Class members in that they did not receive overtime  compensation due to them pursuant to that statute.

52.     Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having  violated § 4111.03, is "liable to the employee[s] affected for the full amount of the  overtime wage rate, less any amount actually paid to the employee[s] by the employer,  and for costs and reasonable attorney's fees as may be allowed by the court."

8

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, and all similarly-situated employees, collectively pray that this Honorable Court:

A.  Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.  Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiffs and other members of the Ohio Class;

C.  Enter judgment against Defendant and in favor of Plaintiffs, the Opt-Ins, and the Ohio Class;

D.  Award compensatory damages to Plaintiffs, the Opt-Ins, and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

E.  Award Plaintiffs and the Putative Class members pre-judgment and post-judgment interest at the statutory rate;

F.  Award Plaintiffs, the Opt-Ins, and the Ohio Class costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

**NILGES DRAHER LLC**

/s/ Hans A. Nilges
Hans A. Nilges (076017)
Shannon M. Draher (0074304)
7266 Portage street, N.W. Suite D
Massillon, OH 44646
Telephone:     (330) 470-4428
Facsimile:     (330) 754-1430
Email: hans@ohlaborlaw.com
       sdraher@ohlaborlaw.com

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims so triable.

/s/ Hans A. Nilges
Hans A. Nilges

*Counsel for Plaintiffs*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 10, 2020, the foregoing was filed electronically. The foregoing is being served upon Defendant by regular U.S. mail sent by regular mail to the Defendant at the address provided below:

CoreCivic of Tennessee, LLC
c/o CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

*/s/ Hans A. Nilges*
Hans A. Nilges

*Counsel for Plaintiffs*

11